UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREGORY HOLLOWAY | ) | |
| | ) | |
| Plaintiffs | ) | 05-1502 (RCL) |
| | ) | Next event: no event scheduled |
| v. | ) | |
| | ) | |
| GOVERNMENT OF THE | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant | ) | |

MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT
FOR MONEY DAMAGES AND INJUNCTIVE RELIEF AND JURY DEMAND

## I.   STATEMENT OF FACTS

Plaintiffs propose to add Ricky Robertson as a plaintiff and add other allegations regarding the disparate treatment of men and women.

## II.   CONSENT

Plaintiff sought consent from defendant but was unable to identify and contact the counsel representing defendant.

## III.   JUSTICE REQUIRES GRANTING LEAVE TO AMEND THE COMPLAINT

1

"A party may amend the party's pleading . . . by leave of court  . . .; and leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a). Unless there is a specific, significant reason to deny amendment, it should be granted:

"We review the denial of leave to amend for abuse of discretion. *Long v. Satz,* 181 F.3d 1275, 1278 (11th Cir.1999); *O'Neal v. Kennamer,* 958 F.2d 1044, 1047 (11th Cir.1992). Under the Federal Rules of Civil Procedure, leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). The Supreme Court has emphasized that leave to amend must be granted absent a specific, significant reason for denial." *Spanish Broadcasting System of Fla., Inc. v. Clear Channel Communications, Inc.* 2004 WL 1459544, at pg. 9 (11th Cir. 2004)

The *Spanish Broadcasting* court quoted the Supreme Court as follows:

"In the absence of any apparent or declared reason--such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.--the leave sought should, as the rules require, be freely given." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (internal quotation marks omitted).

None of these grounds exist here. First, there is no undue delay, bad faith or dilatory motive present here.  The case is essentially at its inception, with no discovery

having occurred.  Second, the amendment proposed does not seek to cure any deficiency in the complaint; rather, it is proposed to add a plaintiff to ensure injunctive relief standing so that the claims may be addressed on their merits.  Third, defendants will not suffer undue prejudice by virtue of the amendment. The claims are the same, and the case is just beginning, so there can be no prejudice.

## IV.  CONCLUSION.

For the reasons stated above, the motion should be granted.

> Respectfully submitted,
>
> _____
> William Claiborne
> DC Bar # 446579
> Counsel Plaintiffs
> 717 D Street, NW
> Suite 210
> Washington, DC 20004
> Phone 202/824-0700
> Fax 202/824-0745