UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREGORY HOLLOWAY, et. al., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1502 (RCL) |
| | ) | |
| DISTRICT OF COLUMBIA, et. al., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

## DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants, by and through counsel, move this Court to Dismiss plaintiffs' first amended complaint for the following reasons:

1.  Maintenance of this civil action violates the express terms of the settlement agreement entered into in *Bynum, et. al., v. D.C., et al.,* Civil Action No. 02-956 (RCL) and this Court's Order in *Bynum* that preliminarily approved that settlement agreement.

2.  Plaintiffs' equitable claims are barred by their membership in the *Bynum* class.

These grounds are more fully set forth in the attached Memorandum of Points and Authorities in support of this motion.   Pursuant to Local District Court Rule 7.1(m), the plaintiffs do not consent to this motion.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of
Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
RICHARD S. LOVE [340455]
Chief, Equity 1


_____/s/_____
MARIA C. AMATO (414935)
Senior Assistant Attorney General
Equity I
441-4th St., N.W., Sixth Floor
Washington, D.C. 20001
(202) 724-6642
Attorneys for Defendant
District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY HOLLOWAY, et. al.,           )
                    Plaintiffs,      )
                                     )
                                     )
v.                                   )        Civil Action No. 05-1502 (RCL)
                                     )
DISTRICT OF COLUMBIA, et. al.,       )
                                     )
             Defendant.              )
_____  )

<u>MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF
DEFENDANTS' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED
COMPLAINT</u>

Come Now Defendants, by and through Counsel, and respectfully request this

Court to grant Defendants' Motion to Dismiss Plaintiffs' First Amended Complaint on

the grounds that:

1. Plaintiffs herein, to the extent they were over-detained as alleged, are members of

   the class certified in *Bynum et. al., v. D.C., et al.,* a case that plaintiffs herein

   noted as a related case, and the maintenance of the instant civil action violates the

   express terms of the *Bynum* settlement agreement and the *Bynum* order

   preliminarily approving that settlement.

2. Plaintiffs' equitable claims are barred by their membership in the *Bynum* class.

## BACKGROUND

On or about May 16, 2002, the plaintiffs' counsel in this case, filed a strikingly

similar class action lawsuit against the District of Columbia entitled *Bynum, et. al., v.

District of Columbia, et al.,* Civil Action No. 02-956 (RCL).  The *Bynum* lawsuit was

brought on behalf of inmates held by the D.C. Department of Corrections who, in

addition to other claims, had allegedly been over-detained.   The *Bynum* class action was the subject of a signed settlement agreement among the parties made and entered into on June 16, 2005, and amended on June 22, 2005.  One month after the settlement in *Bynum* was finalized, on July 29, 2005, plaintiffs' counsel filed this case  (the *Holloway* Complaint) which also raises class claims of over-detention against the District of Columbia.  On August 31, 2005, this Court issued an Order Preliminarily Approving the settlement entered into by the parties in the *Bynum* class action ("Bynum Order") (___ F. Supp. 2d ___, 2005 WL 2099057 D.D.C.)   At no time did plaintiffs reveal their filing of this (Holloway) lawsuit to the Court.

The Bynum Order sets out the definition of the class in that class action as follows:

> The case is a hybrid class action, certified under Fed. R. Civ. P. 23(b)(2) with regard to seeking injunctive relief on over-detentions, and strip searches of inmates under the definition of the strip search class set forth herein. Therefore, regarding prospective injunctive relief, no member of the class may opt-out. With regards to monetary relief, the class is certified under Fed. R. Civ. P. 23(b)(2) and class members have a right to opt out of the monetary relief stage.

> The Over-Detention Injunctive Relief Class is defined as:
> (a) Each person who has been, is or will be incarcerated in any District of Columbia Department of Corrections facility beginning in the three years preceding the filing of this action on or about May 16, 2002 up to and until the date this case is terminated; and (b) who was not released, or, in the future will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has otherwise expired.

> The Over-Detention Monetary Relief Class is defined the same as above except that it ends on August 31, 2005.

In the *Holloway* complaint filed by plaintiffs <u>after</u> the settlement in *Bynum,* they seek to define an "Overdetention Class" consisting of

(a) Each person who has been, is or will be incarcerated in any District of Columbia Department of Corrections facility for three years preceding the filing of this action up to and until the date this case is terminated; and (b) who was held in the DC Jail or the CTF after a judicial officer ordered his placement in a halfway house.

*Holloway* First Amended Complaint, par. 87, p. 18.

The *Bynum* Order states that :

31. Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.

32. In the event of final approval of the Settlement Agreement, all Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

*Bynum* Order for Preliminary Approval, p.8.

There are many other striking similarities between the *Bynum* class action claims and the purported *Holloway* class action.  Both allege plaintiffs are over-detained.  Both attribute the over-detention to the same set of circumstances -- that is the alleged historical deficiencies in the Records Offices of the D.C. Department of Corrections.  Both cases rely on findings made in the "Shaw Report" and in fact cite the exact same passages and quotes.  Both cite the "Wright Report" and the exact same passages.  In fact, other than changing the names of the representative plaintiffs, and adding the words "to the halfway house" to the definition of over-detention, both cases are essentially the same.  In *Bynum*, plaintiffs negotiated a settlement of $12 million dollars from the District of Columbia.  Three million dollars of this negotiated settlement are to revert to the District

of Columbia in order to address the alleged problems that brought rise to the conditions

complained of in that case, i.e., over-detention (and associated strip searches).

## ARGUMENT

### I. Allowing Plaintiffs to Maintain the Instant Civil Action Would Violate the Express Terms of the *Bynum* Settlement Agreement and This Court's Order Preliminarily Approving that Agreement.

The Plaintiffs' complaint herein is a clear violation of the Settlement Agreement in

the *Bynum* class action and violates this Court's Order Preliminarily Approving that

Agreement.  The *Bynum*  Agreement, entered into by plaintiffs **prior** to the filing of the

instant *Holloway* complaint, specifically states that:

> The parties agree that the monetary relief shall compensate for all alleged
> violations of rights and all claims and any other incidents of incarceration by the
> plaintiff class members that were or could have been brought in this civil action
> under any theory of liability for any claims related to allegedly unlawful over-
> detentions and strip searches, except as to monetary damages for those class
> members who choose to opt out.

Clearly, unequivocally, and unambiguously, plaintiffs agreed that the settlement

not only encompassed the over-detention claims raised in *Bynum*, but also all alleged

violations of rights and all claims and any other incidents of incarceration by the plaintiff

class members that were **or could have been brought** in that civil action (*Bynum*) **under**

**any theory of liability** for any claims **related to allegedly unlawful over-detentions.**

Disturbingly, plaintiffs' counsel in *Bynum* entered into this agreement, while

apparently preparing the *Holloway* complaint, and failed to disclose the filing of the

*Holloway* case to this Court when they appeared before it for the hearing to preliminarily

approve the *Bynum* settlement, despite its obvious relevance to the *Bynum* case.  The

instant Holloway complaint defies this Court's specific edict that:

> 31. Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.

*Bynum* Order at p. 7.

The *Holloway* claims, filed by the same lawyers, against the same defendants, alleging the same deprivations, relying on the same reports and conditions at the Jail, during overlapping time periods and seeking the same relief is clearly precluded by the express terms of the *Bynum* Settlement Agreement and the *Bynum* Order preliminarily approving that agreement. While individual class members are free to opt out of the monetary settlement in *Bynum*, they are precluded from bringing the instant civil action.

## II.   Plaintiffs Equitable Claims are Barred by Their Membership in the *Bynum* Class

The purported class in Holloway, to the extent they were over-detained, is subsumed as a part of the class in *Bynum*, a matter still pending before this Court. As set forth above, the *Bynum* class is broadly defined to include all inmates who were over-detained after being ordered released by a judicial officer. *Holloway* differs only in that it specifically narrows the class definition to inmates who were not released to a halfway house, a subcategory of over-detention that is already encompassed by the *Bynum* class. The purported class of *Holloway* plaintiffs cannot maintain a separate action for the equitable relief sought herein under these circumstances.

In <u>Goff v. Menke, et al.</u>, 672 F.2d 702 (8th Cir. 1982) an inmate who was a class member of a previously filed class action concerning administrative segregation

procedures at a prison brought a separate action for injunctive relief that involved the same issue. The 8th Circuit vacated the equitable relief granted by the district court and directed that the complaint be dismissed with prejudice, holding that as a member of the previously filed class action, the inmate could not maintain a separate equitable action once his or her class had been certified. Id. at 704. The court reasoned that "two of the primary purposes underlying Fed. R. Civ. P. 23 are avoidance of both duplicative litigation and inconsistent standards." Id.

Moreover, plaintiffs cannot successfully argue that they are proffering different facts and arguments from those asserted in *Bynum*. In Groseclose v. Dutton, 829 F.2d 581 (6th Cir. 1987) plaintiffs were death row inmates who were already class members of a class action alleging unconstitutional conditions on behalf of "all persons who are presently or who will in the future be committed as adults to the custody of the Tennessee Department of Corrections and housed in the Tennessee prison system [including the Tennessee State Penitentiary]." Plaintiffs brought a separate equitable action alleging unconstitutional conditions on death row. The district court granted equitable relief, finding that the class action did not bar separate relief because the conditions that were alleged by the current plaintiffs were not presented in the prior class action. Id. at 584. The 6th Circuit reversed, holding that the class action precluded the separate equitable action even if the particular factual allegations were not made in the prior action. Id. at 585. The court reasoned that "to allow two or more district judges to issue directions to prison officials simultaneously would be to create what the Goff court aptly characterized as an 'inefficient' situation, fraught with potential for inconsistency, confusion, and unnecessary expense." Id. at 584. The court further explained that "to have two or more

judicial cooks stirring the same broth in the same penal kitchen would be a recipe for chaos." Id. at 585.  Although *Holloway* and *Bynum* are assigned to the same Judge, the logic and reasoning is the same, two separate cases essentially addressing the same underlying systemic problem.

Even if the *Holloway* class could point to additional or different concerns distinguishing itself from *Bynum* , the agreement approved preliminarily by the Court in *Bynum,* already addresses the issue of prisoners who are allegedly over-detained after being ordered released by a judicial officer.  Even if the *Holloway* plaintiffs argue that they seek to raise additional concerns, they must proceed through the *Bynum* class.  See Goff, 672 F.2d at 704; see also Groseclose, 829 F.2d at 585.

The requirement that plaintiffs must pursue their equitable claims through the pre-existing Bynum class stems from reasons of law, *i.e.* Fed. R. Civ. P. 23, and judicial economy.  The very purpose of class certification, and specifically the certification of the class in *Bynum*, pursuant to  Fed. R. Civ. P. 23, is the "avoidance of both duplicative litigation and inconsistent standards."  In Goff, plaintiff was prohibited from pursuing outside the class his separate suit for injunctive relief, which was filed 2 years *after* the underlying class obtained injunctive relief.  See Goff, 672 F.2d at 703.  Since plaintiff was a class member, the court held that "for reasons of law as well as judicial economy Goff's case should have been transferred to the trial judge who entered the preliminary relief in the [underlying class action] and to the extent that [Goff sought] injunctive relief, he should have been required to proceed through the class representative or intervention." Id. at 704.

Similarly plaintiffs' complaint for equitable relief here must be dismissed because they are barred from pursuing their equitable claims in a matter outside of *Bynum*.

<u>Conclusion</u>

For all of the foregoing reasons, the instant civil action should be dismissed with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division


_____/s/_____
RICHARD S. LOVE [340455]
Chief, Equity 1


_____/s/_____
MARIA C. AMATO (414935)
Senior Assistant Attorney General
441-4[th] St., N.W., Sixth Floor
Washington, D.C. 20001
(202) 724-6642

Attorneys for Defendant
District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

GREGORY HOLLOWAY, et. al.,          )
                    Plaintiffs,          )
                                         )
                                         )
v.                                       )          Civil Action No. 05-1502 (RCL)
                                         )
DISTRICT OF COLUMBIA, et. al.,           )
                                         )
                    Defendants.          )
_____ )


ORDER

        Upon consideration of Defendants' Motion to Dismiss Plaintiffs' First Amended

Complaint, the memorandum of points and authorities filed in support thereof and in

opposition thereto, and the entire record herein, it is on this _____day of _____,

2005, hereby

        ORDERED:  That Defendants' Motion to Dismiss Plaintiffs' First Amended

Complaint is Granted; and it is

        FURTHER ORDERED: That Plaintiffs' First Amended Complaint be and hereby

is DISMISSED WITH PREJUDICE.


                                    _____
                                    The Honorable Royce C. Lamberth
                                    United States District Judge