## DECLARATION OF BARRETT S. LITT

I, Barrett S. Litt, declare as follows:

1.  I have personal knowledge of the facts set forth in this declaration. If called to testify to these facts as a witness in this action, I would so testify.

2.  I am an attorney licensed to practice in the State of California and in the United States District Court for the Central District of California, and am admitted *pro haec vice* to the District of Columbia courts. I am the principal in the law firm of Litt & Associates, and previously was a partner in the law firms Litt & Marquez; Litt, Marquez & Fajardo; and Litt & Stormer.

3.  I graduated from the University of California at Berkeley in 1966 and from UCLA Law School in 1969. For the first approximately ten years of my practice, I focused primarily in the area of criminal defense at the trial and appellate levels, mostly in the federal courts. In that capacity, I handled hundreds of matters, tried many cases ranging from immigration offenses to murders, and handled numerous appeals. For the past approximately 15 years or more, I have focused on complex civil litigation, primarily in the areas of constitutional law, civil rights law, class action litigation, and complex multiparty litigation. I handle a variety of complex civil rights litigation, including in the areas of employment discrimination, police abuse and housing discrimination. I am rated "av" by Martindale-Hubbell.

4.  Litt & Associates, as well as my former firms Litt & Marquez; Litt, Marquez & Fajardo; and Litt & Stormer were formed for the specific purpose of developing public interest practices which operated in the private sector on the basis of self-generated fee awards and other recoveries. More than eighty percent of the work of my past firms and present firm falls into this category. Litt & Stormer received the Pro Bono Firm of the Year award from Public Counsel in 1987 in recognition for its public interest and civil rights work. Litt & Stormer received an award from the Hollywood Fair Housing Council in 1989-90 in recognition for its outstanding fair housing work. Litt, Marquez & Fajardo received the NAACP Legal Defense Fund award in July 1992, in recognition of its civil rights work. I received UCLA's public interest law alumnus of the year award in 1995. I have been qualified to testify as an expert witness on civil rights attorneys' fees issues and have spoken and written on the subject of civil rights training. I also

have headed internal civil rights training sessions for attorneys in my firm that have received MCLE credits.

5. Civil rights cases, in which I have been the, or one of the, lead counsel, include Lawson v. City of Los Angeles, Case No.: BC 031 232 (Los Angeles Superior Court)(lawsuit filed in 1991 on behalf of individuals who had been subject to what we alleged were unlawful use of force practices by the Los Angeles Police Department's Canine Unit, settled in 1995 for $3.6 million and comprehensive structural relief); Wisely v. State of California, Case No.: BC 227373 (Superior Court of California)(pending class action regarding the policy and practice of the State Department of Corrections to randomly subject visitors to the prisons to intrusive body scans, and to subject those who "failed" the scan to a visual body search); Rainey v. County of Ventura, Case No. 96 4492 LGB (C.D. Calif.)(action against County of Ventura for race discrimination on behalf of 12 police officers, settled for damages, structural relief and attorney's fees); Tipton v. City of Los Angeles, Case No.: CV-94-3240 (TH)( sex discrimination and harassment suit against the Los Angeles Police Department, involving over 25 individual officers, as a result of which the Department has already completely revamped its anti-discrimination policies and procedures, and damage claims are pending); Melgar v. Klee ($1.5 million jury verdict against Los Angeles Police Department for police shooting; settled for $1.45 million); Heidi v. U.S. Customs Service (injunction against U.S. Customs Service for policies and practices of seizing materials from persons traveling from Nicaragua in violation of the First Amendment); Hospital and Service Employees Union, SEIU Local 399, AFL-CIO v. City of Los Angeles (a settlement in 1993 of $2.35 million against the Los Angeles Police Department for injuries to 148 demonstrators at Century City organized by the Justice for Janitors campaign of SEIU); Tavelman v. City of Huntington Park (individual employment discrimination case against the City on behalf of a Jewish police officer who had been subjected to a campaign of religious harassment, which was settled for $350,000); Hampton v. NRG (racial harassment in employment claim; jury verdict of $1,000,000 for two former employees, plus award of attorney's fees and costs; central issue on pending appeal is whether FEHA violates the First Amendment); Ware v. Brotman Medical Center ($2.5 million jury verdict against hospital for removal of hospital privileges of black doctor; settled for $1.75 million); Mathis v. PG&E ($2 million verdict against PG&E for barring contract employee from Diablo Canyon Nuclear Power

Plant; reversed by the Ninth Circuit); Zuniga v. Los Angeles Housing Authority (1995) 41 Cal.App.4th 2 (holding that the Housing Authority could be held responsible for injuries to tenants after the Housing Authority was put on notice that tenants were being victimized on the premises and took no reasonable measures to prevent the injury; case settled for $1,040,000); Macias v. State of California (action against the State of California and others for blinding of young man as a result of exposure to malathion spray, a portion of which was decided in Macias v. State of California (1994) 10 Cal.4th 844); McClure v. City of Long Beach (pending fair housing case against City of Long Beach for preventing six group homes for the disabled from opening through discriminatory use of building and zoning laws); Mould v. Investments Concept, Inc., Case No.: CA 001 201 (Los Angeles Superior Court)(race discrimination class action on behalf of a class of applicants and potential housing applicants, settled in 1992 for a total of $850,000 for the class and a comprehensive consent decree regarding the defendants' discriminatory policies and practices); Ofoma v. Biggers, Case No.: 715400 (Complex Litigation Panel) (Orange County Superior Court)(family discrimination class action settled in 1996 for damages for the individual plaintiffs and the class of residents, a consent decree and an award of attorney's fees); PIN v. HACLA, Case No: CV-96-2810 RAP (RNBx)(action against the Housing Authority of the City of Los Angeles on behalf of several hundred present or former tenants for discrimination by failing to provide adequate security for isolated minorities in housing developments, settled in 1998 for $1.3 Million plus a comprehensive structural relief settlement agreement); Martin v. G.H. General, Case No. 89 6465 JGD (United States District Court for the Central District of California)(fair housing race discrimination case); California Federation of Daycare Association v. Mission Insurance Co., Case No.: CA 000 945 (Los Angeles Superior Court)(class action on behalf of several thousand family daycare providers whose daycare insurance policies were canceled mid-term or were not renewed by Mission Insurance Company, settled for reinstatement of policies and attorney's fees); People of the State of California v. Highland Federal Savings and Loan, Case No.: CA 718 828 (Los Angeles Superior Court)(class action filed on behalf of the People of the State of California and a class of tenants residing in several slum buildings located in Los Angeles for financing practices encouraging and perpetuating slum conditions, settled for $3.165 million after appeal in People v. Highland (1993) 14 Cal.App.4th 1692, 19 Cal. Rptr. 555; Hernandez v. Lee, No. BC 084 011

(Los Angeles Superior Court)(a class action on behalf of tenants of numerous buildings for slum conditions settled in 1998 for $1,090,000); Hernandez v. Avol (action on behalf of approximately 350 slum housing residents, settled in 1988 for a comprehensive injunction and $2.5 Million damages, plus a separate award of attorney's fees).

      6.    Working with me on this matter is Paul Estuar, an associate in my firm who is also admitted *pro haec vice* to the District of Columbia courts. Mr. Estuar is a 1993 graduate of Loyola Law School in Los Angeles. He specializes in civil rights litigation, and is co-lead counsel in the matter of Fair Housing Foundation v. City of Lakewood (action on behalf of fair housing organization for retaliation by city for its activities in support of tenants suing landlord)(decision of the district court reversed and finding standing under the fair housing act for fair housing organizations claiming retaliation for protected activity by a municipality with which it contracts in Walker v. City of Lakewood, 263 F.3d 1005 (9th Cir. 2001).

      I declare under penalty of perjury that the foregoing is true and correct.
Executed this 3rd day of March, 2003, at Los Angeles, California.

_____
Barrett S. Litt