UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY HOLLOWAY, et. al., )<br>)<br>   Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>DISTRICT OF COLUMBIA, )<br>)<br>   Defendant. )<br>_____ ) | Civil Action No. 05-1502 (RCL)<br>Next event: no event scheduled |

### **DEFENDANT'S REPLY IN SUPPORT OF MOTION TO DISMISS**

### I. ARGUMENT

*A. The Bynum Settlement Bars All Subsequent Over-Detention Claims That Could Have Been Brought In The Bynum Lawsuit Under Any Theory Of Over-detention*

By clever manipulation and parsing of language, Plaintiffs in the instant action attempt to find support for a position that clearly is contradicted by the plain language and unambiguous terms of the Settlement Agreement ("the *Bynum* Agreement") in *Bynum et al. v. District of Columbia, et al.*, Civil Action No, 02-956 (RCL). As demonstrated in Defendant's Memorandum of Points and Authorities in Support of Defendant's Motion To Dismiss, the language of the *Bynum* Agreement clearly and unequivocally states that:

> The parties agree that the monetary relief shall compensate for all alleged violations of rights and all claims and any other incidents of incarceration by the plaintiff class members ***that were or could have been brought in this civil action under any theory of liability for any claims related to allegedly unlawful over-detentions*** and strip searches, except as to monetary damages for those class members who choose to opt out.

Thus, the *Bynum* Agreement clearly prohibits any future claims of allegedly unlawful

over-detention under any theory of liability that were brought or could have been brought in that action.

Seeking to avoid the clear import of this language, Plaintiffs here attempt to distinguish their claim from the *Bynum* over-detention claim. They contend that "[t]he Bynum claim complains that the **duration** of a person's confinement in the Department of Corrections facility was too long because it was in excess of the court ordered release date."[1] Plaintiffs then allege that their claim here is different because "[t]he Holloway claim, complains of the **location** of a person's confinement, because the confinement was served in the jail or CTF, instead of in a halfway house * * *."[2] This attempted distinction, however, in an effort to bring the Holloway claim outside the ambit of the *Bynum* Agreement, is one without a difference. Plaintiffs here cannot avoid the clear language of the *Bynum* Agreement by attempting to "swap out" the terms "Release Date" as used in *Bynum* with "Placement Date" as they attempt to do here and thus argue they have different claims.[3] Such a result clearly would elevate mere semantics over substance.

Both *Bynum* and *Holloway* present over-detention claims. In *Bynum*, Plaintiffs allegedly were over-detained in a Department of Corrections facility when they should

---

[1] Plaintiffs' Response in Opposition to Defendant's Motion To Dismiss ("*Plts' Opp*.") at 4.

[2] *Id*. Plaintiffs' reliance on the decision of the District of Columbia Circuit Court of Appeals in *Taylor v. United States Prob. Office*, 409 F.3d 426 (D.C. 2005) to support the claim brought here and the distinction with the *Bynum* claim is misplaced. First, the facts are different. In *Taylor*, plaintiff was removed from a halfway house and held at the CDF notwithstanding court orders to the contrary. Here, Plaintiffs merely are contending that they were over-detained at the D.C. Jail or CTF rather than being placed at a halfway house. Moreover, as the D.C. Circuit Court of Appeals made clear, the holding in *Taylor* was limited to a finding that Taylor's complaint was not barred by the decision in *Heck v. Humphrey*, 512 U.S. 477 (1994) which is limited to suits challenging the very fact or duration of confinement. 409 F.3d at 427, 431. Thus, the *Taylor* court merely reversed a summary dismissal of plaintiff's claim. The *Taylor* court, however, did not necessarily recognize a cause of action. It simply found that *Heck* did not preclude Taylor's § 1983 claim. Moreover, the *Taylor* court made no attempt, as Plaintiffs do here, to parse differences in types of "over-detention" as giving rise to different claims for relief.

[3] *See Plts' Opp*" at 17. Although the release complained of in *Holloway* may not be from custody as in *Bynum*, it still is release from the jail or CTF that is the essence of the Holloway claim.

have been *released*. In *Holloway*, Plaintiffs also are alleging they were over-detained because they were held in the jail or CTF when they should have been *released*, albeit to a halfway house.

Plaintiffs here may present a different ***theory of liability***, but under the very unequivocal language of the *Bynum* Agreement this is insufficient to save their claim. The *Bynum* Agreement, in fact, anticipated the very situation presented here by including all claims that were or could have been brought in *Bynum* ***under any theory of liability related to allegedly unlawful over-detentions***. Most telling is the fact that the settlement agreement, preliminarily approved by this Court, does not use the term ***"the" preceding the phrase*** "allegedly unlawful over-detentions,*" as it well could have*.[4] Thus, there can be no argument that the *Bynum* over-detention claims were in any sense limited to a specific type of over-detention claim leaving for another day a right to bring suit on another over-detention claim under a different theory of liability.

Moreover, the language of the *Bynum* Agreement cited above specifically includes "***any other incidents of incarceration***" that could have been brought relating to allegedly unlawful over-detentions. There is no question that the Holloway purported claim is an incident of incarceration related to over-detention at the jail or CTF that could have been brought in *Bynum*. Indeed, Plaintiffs cannot credibly argue that the

---

[4] The Court should take notice that the exact same counsel who represented the *Bynum* Plaintiffs seek to represent the *Holloway* Plaintiffs and negotiated the very language of the *Bynum* Agreement.

3

Holloway over-detention claims could not have been brought in *Bynum*.[5]  Nothing in Bynum precluded naming a plaintiff with a Holloway claim.  Thus, there can be no argument that the *Bynum* Agreement is inclusive of the Holloway claim.

Under the "'objective law'" of contract interpretation, which Plaintiffs rely on[6] and which was formulated and is followed by the District of Columbia Court of Appeals, "the written language of a contract governs the parties' rights unless it is not susceptible of clear meaning."  *Patterson v. District of Columbia*, 795 A.2d 681, 683 (D.C. 2000), *citing Adler v. Abramson*, 728 A.2d 86, 88 (D.C. 1999).  Here, the applicable terms of the *Bynum* Agreement have clear meaning and, thus, the written language must govern.

As the District of Columbia Court of Appeals made clear, in deciding "whether the contract language is susceptible of clear meaning, we look to the contract language itself, and ask ourselves generally 'what a reasonable person in the position of the parties would have thought the disputed language meant.'"  *Patterson*, 795 A.2d at 683, *citing Adler*, 728 A.2d at 88.  The clear and unequivocal language of the *Bynum* Agreement, however, is not subject to dispute, a condition precedent for the "reasonable person" analysis.  Moreover, even applying that standard, no reasonable person could conceivably dispute that the language of the *Bynum* Agreement which includes "all claims and any other incident of incarceration * * * that were or could have been brought * * * under any theory of liability for any claims related to allegedly unlawful over-detentions" means

---

[5] Plaintiffs represent that "none of the Bynum named plaintiffs expressly asserted a Holloway overdetention claim, or plead facts supporting a Holloway overdetention claims."  *Plts' Opp*. at 31.  This statement, however, begs the question since the Holloway claim could have been brought in *Bynum* and that is all that is required by the language of the *Bynum* Agreement.  Similarly, if the putative Holloway Plaintiffs could not be adequately represented by the *Bynum* named Plaintiffs, as argued by Plaintiffs here (*see* Plts' Opp. at 31), that is a problem for Plaintiffs' counsel, not Defendants.  Similarly, if none of the *Bynum* named Plaintiffs could release a Holloway claim, as also argued by Plaintiffs here (*Id.*), that, too, is a problem for Plaintiffs' counsel, not a basis for the attempted imposition of additional liability on Defendants.

[6] *Plts' Opp*. at 2, 4.

exactly what it says – it includes all types of allegedly unlawful over-detentions under any theory of liability subsequent putative plaintiffs may concoct. Thus, the very specific and clear language of the *Bynum* Agreement bars Plaintiffs' claim here.

## II. CONCLUSION

For all the foregoing reasons, as well as those set forth in the Memorandum of Points and Authorities in Support of Defendant's Motion To Dismiss Plaintiffs' First Amended Complaint, Defendants respectfully request this Court to dismiss the instant civil action with prejudice.

Respectfully submitted,

ROBERT J. SPAGNOLETTI
Attorney General for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

_____/s/_____
RICHARD S. LOVE (340455)
Chief, Equity 1

_____/s/_____
Ellen A. Efros (250746)
Assistant Attorney General
441-4th St., N.W., Sixth Floor
Washington, D.C. 20001
(202) 442-9886
ellen.efros@dc.gov

Attorneys for Defendant
District of Columbia

5