UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| GREGORY HOLLOWAY | ) | |
| | ) | |
| Plaintiffs | ) | 05-1502 (RCL) |
| | ) | Next event: no event scheduled |
| v. | ) | |
| | ) | |
| GOVERNMENT OF THE | ) | |
| THE DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant | ) | |

### PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION FOR AN ENLARGEMENT OF TIME IN WHICH TO FILE AN OPPOSITION TO PLAINTIFFS' MOTION TO CERTIFY CLASS

Plaintiffs oppose defendant's motion for an enlargement of time in which to respond to plaintiffs' motion to certify because it amounts to a stay of the case. Plaintiffs do not oppose an extension for a specified period of time of 14 to 30 days. But, pegging defendant's time to respond to plaintiffs' motion to certify to the Court's ruling on defendant's motion to dismiss amounts to a stay, and will cause unreasonable delay.

### CONSENT

Plaintiffs told defendant through counsel that they would consent to a definite period of enlargement, but not to an extension that amounted to a stay of the case.

1

**DISCUSSION**

Pegging defendant's time to respond to plaintiffs' motion to certify to the Court's ruling on defendant's motion to dismiss amounts to a stay of the case pending the Court's ruling on the motion to dismiss. Filing a motion to dismiss **does not** automatically trigger a stay of discovery. A district court may stay discovery pending resolution of a motion to dismiss only when it is convinced that the plaintiff will be unable to state a claim for relief. Wood v. McEwen, 644 F.2d 797, 801 (9th Cir. 1981) (per curiam). See Symonds v. Smith, 1987 U.S. Dist. LEXIS 7873 (D. Ga. 1987) (stay of discovery may be justified pending a ruling on a 12(b)(6) motion to avoid subjecting a defendant to costly discovery only in response to a when a complaint appears to be a **frivolous** claim that **clearly** lacks merit).

Here, defendant filed a motion to dismiss raising the affirmative defense of claim preclusion without filing any supporting affidavits. Since the burden[1] of

---

[1] Essentially, defendants filed a "no-evidence motion" based upon their own affirmative defense. Under Rule 56(c), in order to defeat summary judgment dismissing any affirmative defense, Defendants must make a showing sufficient to establish the existence of an element essential to that affirmative defense. United States v. Philip Morris USA, Inc., 327 F. Supp. 2d 1, 6 (D.D.C., 2004) citing Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Wishom v. Hill, 2004 U.S. Dist. LEXIS 2172, *34 (D. Kan. 2004).

production and persuasion is on the party asserting the affirmative defense, defendant cannot carry its burden, and so the motion must be denied.  See Carter v. Rubin, 14 F. Supp. 2d 22 (D.D.C. 1998); Fed. R. Civ. P. 8(c).

Also, delaying the time for responding will cause unreasonable delay.  In the Bynum v. District of Columbia case, also before this Court, defendant District of Columbia got an extension of time to respond to plaintiffs' motion to certify based on filing a motion to dismiss.  In the end, after 8 months had gone by, the District of Columbia still had not responded to the motion to certify, and the Court finally had to rule on the motion without the District's response.  Bynum v. District of Columbia, 214 F.R.D. 27, 31 (D.D.C. 2003) ("Bynum I") .    The District delayed the case for 8 months, which prejudiced plaintiffs.

|  |  |
|---|---|
| Respectfully submitted,<br><br>_____/sig/_____<br>William Claiborne<br>DC Bar # 446579<br>Counsel Plaintiffs<br>717 D Street, NW |  |

| | |
|---|---|
| Suite 210<br>Washington, DC 20004<br>Phone 202/824-0700<br>Fax 202/824-0745 | |

4