UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| GREGORY HOLLOWAY, et. al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | Civil Action No. 05-1502 (RCL) |
| ) | Next event: no event scheduled |
| DISTRICT OF COLUMBIA, et. al., ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

**DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR AN ENLARGMENT
OF TIME IN WHICH TO FILE AN OPPOSITION TO
<u>PLAINTIFFS' MOTIONTO CERTIFY CLASS</u>**

**I.  ARGUMENT**

Plaintiffs' Opposition To Defendant's Motion For An Enlargement Of Time In Which To File An Opposition To Plaintiffs' Motion To Certify Class ("*Plts' Opp.*") is predicated on the erroneous assertions that Defendant's motion to dismiss is "frivolous" and that Defendant cannot prevail since it cannot meet its burden.  Plaintiffs also argue that Defendant's request to enlarge time to respond to Plaintiffs' Motion To Certify Class until thirty (30) days after this Court rules on the Defendant's pending dispositive motion is tantamount to a stay of proceedings.

First, Defendant's motion to dismiss is anything but frivolous.  It is based on the justifiable and compelling position that the claims sought to be litigated here are precluded by the Settlement Agreement ("the Agreement") in *Bynum et al. v. District of Columbia, et al.*, Civil Action No, 02-956 (RCL).   Similarly, the arguments raised both in Defendant's opening memorandum of points and authorities and reply memorandum in

support of Defendant's dispositive motion make clear that Defendant has more than carried its burden to demonstrate that the very language of the Settlement Agreement ("the Agreement") in *Bynum* supports its position. This Court is well aware of that Agreement, having issued an August 31, 2005 Order preliminarily approving the Agreement. Nothing more is required of Defendant to meet its burden. It relies on the clear and unequivocal language of the Agreement as grounds for its dispositive motion and no supporting declarations or affidavits are necessary for this Court to decide the issue.

Second, even if Defendant's enlargement motion is viewed as a stay of proceedings until the Court decides the pending motion to dismiss, it is entirely appropriate under the circumstances presented here.

The Federal Rules of Civil Procedure are designed to achieve "a just, speedy, and inexpensive determination of every action." Fed. R. Civ. P. 1. Accordingly, courts are empowered, upon motion and for good cause shown, to "make any order which justice requires to protect a party . . . from annoyance, embarrassment, oppression, or undue burden or expense." *See, e.g.* Fed. R. Civ. P. 26(c). In light of these general principles, a court certainly is empowered to stay proceedings when a dispositive motion is pending and additional briefing and decision-making on a subsequently filed motion is immaterial to the issue before the Court.[1] *See, e.g., Chagnon v. Bell*, 642 F.2d 1248, 1265–66 (D.C. Cir. 1980); *Moldea v. New York Times Co.*, 137 F.R.D. 1, 2 (D.D.C. 1990). Indeed, courts in this jurisdiction and others routinely grant motions to stay proceedings until a

---

[1] Defendant intends to oppose Plaintffs' motion for class certification. In all likelihood, no matter when Defendant submits its opposition, that motion would not be decided until after the Court decides the pending motion to dismiss. The Court certainly, in the interests of judicial efficiency and economy, is not going to expend its limited resources deciding a motion for class certification which may well become moot depending on the outcome of the motion to dismiss.

2

dispositive motion is decided to avoid unnecessary expenditure of time and resources both by the parties and the Court.

In approving a stay of proceedings pending resolution of an initial motion, the D.C. Circuit has said that "[i]n the case of suits against government officials, we are mindful that uncontrolled discovery in the course of insubstantial lawsuits can be a form of harassment that imposes an undue burden on the time and resources of public officials and their agencies." *Chagnon* 642 F.2d at 1266 (affirming trial court's stay of discovery pending resolution of dispositive motion). *See also Brennan v. Local Union No. 639, Int'l. Brotherhood of Teamsters*, 494 F.2d 1092, 1100 (D.C. Cir. 1974), *cert. denied*, 429 U.S. 1123 (1977) (affirming trial court's grant of protective order suspending discovery until decision on motion for summary judgment); *Chavous v. District of Columbia Financial Responsibility and Management Assistance Authority*, 201 F.R.D. 1, 2 (D.D.C. 2001) ("[i]t is well settled that discovery is generally considered inappropriate while a motion that would be thoroughly dispositive of the claims in the Complaint is pending.") (*citing Anderson v. United States Attorneys Office*, No. Civ.A. 91-2262, 1992 WL 159186, at *1 (D.D.C. June 19, 1992)). *See also Chavous, supra*, at 2 ("A stay of discovery pending the determination of a dispositive motion 'is an eminently logical means to prevent wasting the time and effort of all concerned and to make the most efficient use of judicial resources.'" (citations omitted).

Cases following the principles enunciated above are legion. *See, e.g.*, *Institute Pasteur v. Chiron Corp.*, 315 F. Supp.2d 33, 37 (D.D.C. 2004); *Brennan v. Local Union No. 639,* 494 F.2d 1092, 1100 (D.C. Cir. 1974) (upholding grant of protective order staying discovery until after ruling on summary judgment motion); *White v. Fraternal*

*Order of Police,* 909 F.2d 512, 517 (D.C. Cir. 1998); *Moldea v. The New York Times,* 137 F.R.D. 1 (D.D.C. 1990); *cf. Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Herbert v. Lando*, 441 U.S. 153, 177 (1979).

Although the foregoing cases address a stay of discovery pending resolution of a dispositive motion, the applicable principle is the same. Here, Plaintiffs' Motion for Class Certification is immaterial to the issue of whether the action should be dismissed. If the Court were to grant Defendant's dispositive motion to dismiss, that decision would negate the need for any further briefing on the issue of class certification. Thus, there simply is no reason that Defendant should be put to the burden and unnecessary expenditure of time and resources of responding to a motion which may prove to be unnecessary.

Of course, whether to grant a stay is committed to the sound discretion of the Court. The court in *Chavous*, however, required the party opposing the stay to come forward with some concrete explanation or a persuasive reason why the stay should not be granted when a dispositive motion is pending, as it is here, such as a need for discovery in order to oppose the dispositive motion. 201 F.R.D. at 3. ("Plaintiffs do not contend . . . that they would be unable to file their oppositions to defendants' motions to dismiss in the absence of such discovery. [P]laintiffs have never suggested that they need the discovery they now seek in order to oppose the pending motions to dismiss.").

Plaintiffs have made no such showing here as to why further briefing on the class certification motion should not be held in abeyance pending a decision on Defendant's dispositive motion to dismiss. Plaintiffs already have filed an opposition to the District's dispositive motion to dismiss and there is no suggestion whatsoever, as there cannot be,

4

that it is necessary for briefing on the class certification motion to proceed while the dispositive motion is pending or that the class certification motion has any bearing whatsoever on Defendant's motion to dismiss.

Indeed, the only purported "reason" that Plaintiffs provide for opposing Defendant's enlargement motion is that "delaying the time for responding will cause unreasonable delay." (*Plts' Opp*. at 3). Plaintiffs, however, offer no support for this position other than to argue that in *Bynum* a lengthy period of time elapsed before there was a decision on the class certification motion.

Whatever happened procedurally in *Bynum* not only is irrelevant but, as presented by Plaintiffs, untrue. Contrary to Plaintiffs' representation (*Plts' Opp.* at 3), Defendant District of Columbia did oppose Plaintiffs' class certification motion and the court issued its decision thereon approximately three (3) months thereafter.[2]

Here Defendant's request for an enlargement of time to reply to Plaintiffs' class certification motion until thirty (30) days after the Court decides the pending dispositive motion to dismiss is not unreasonable and, respectfully, should not be denied based on an unsupported assumption that granting Defendant's motion will cause unreasonable delay. The motion to dismiss is fully briefed and submitted to this Court for decision. If the Court were to grant Defendant's enlargement motion, Defendant would be required to file its response to the class certification motion thirty (30) days after the Court decides the dispositive motion. Such a schedule hardly can be characterized as causing "unreasonable delay." This Court should follow the compelling and uniform line of

---

[2] Defendant District of Columbia opposed the class certification motion; it did not address the certification of a subclass which also was at issue.

authorities discussed above, grant the motion for an enlargement of time, and proceed to decide the District's dispositive motion.

## II. CONCLUSION

For all the foregoing reasons, as well as those stated in its opening memorandum, Defendant District of Columbia respectfully requests that the Court grant its Motion for Enlargement of Time to respond to Plaintiffs' Class Certification Motion until thirty (30) days after a decision on Defendant's dispositive motion to dismiss.

                                        Respectfully submitted,

                                        ROBERT J. SPAGNOLETTI
                                        Attorney General for the District of
                                        Columbia

                                        GEORGE C. VALENTINE
                                        Deputy Attorney General
                                        Civil Litigation Division

                                        _____/s/_____
                                        RICHARD S. LOVE (340455)
                                        Chief, Equity 1


                                        _____/s/_____
                                        Ellen A. Efros (250746)
                                        Assistant Attorney General
                                        441-4th St., N.W., Sixth Floor
                                        Washington, D.C. 20001
                                        (202) 442-9886
                                        ellen.efros@dc.gov

                                        Attorneys for Defendant
                                        District of Columbia