UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| GREGORY HOLLOWAY, <u>et al.</u>, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Civil Action No. 05-1502 (RCL) |
| | ) | |
| DISTRICT OF COLUMBIA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM OPINION**

This matter comes before the Court on defendant's motion [10] to dismiss. Upon consideration of defendant's motion, the opposition thereto, the reply brief, the applicable law, and the entire record herein, the Court concludes that defendant's motion will be granted. The Court agrees with the defendant's contention that plaintiffs have failed to state any claim upon which relief may be granted.

**BACKGROUND**

On July 29, 2005, plaintiff Holloway filed his original complaint in this case, and filed papers relating it to <u>Bynum v. Gov't of District of Columbia</u>, 384 F. Supp. 2d 342 (D.D.C. 2005). The <u>Bynum</u> case was filed on May 16, 2002, on behalf of inmates held by the D.C. Department of Corrections ("DOC") who alleged that they had been over-detained. The parties in <u>Bynum</u> entered into a settlement agreement on June 16, 2005, which was amended on June 22, 2005. By Order issued August 31, 2005, this Court preliminarily approved the <u>Bynum</u> settlement. <u>Bynum v. Gov't of District of Columbia</u>, 384 F. Supp. 2d 342 (D.D.C. 2005). This Court granted final approval by order filed January 25, 2006.

1

On September 2, 2005, the Holloway plaintiffs filed their Second Amended Complaint, subsequently corrected on September 6, 2005, alleging that DOC singles out women for placement in halfway houses and continues to detain men in the D.C. Jail or Central Treatment Facility ("CTF") even after courts order those men placed in halfway houses. The complaint also alleges that DOC's failure to utilize the space available in halfway houses is a contributing cause of plaintiffs' over-detentions. The Holloway plaintiffs' proposed over-detention class definition is:

> (a) Each person who has been, is, or will be incarcerated in any District of Columbia Department of Corrections facility in the three years preceding the filing of this action up to and until the date this case is terminated; and (b) who was held in the DC Jail or the CTF after a judicial officer ordered his placement in a halfway house. (See Second Amend. Comp.)

Their proposed male equal protection class definition is:

> (a) Each male person who has been, is, or will be incarcerated in any District of Columbia Department of Corrections facility in the three years preceding the filing of this action up to and until the date this case is terminated; and (b) who was held in the DC Jail or the CTF after a judicial officer ordered his placement in a halfway house. (Id.)

Defendant moves to dismiss plaintiffs' claims as barred by the express terms of the Bynum settlement agreement and this Court's Order preliminarily approving that settlement agreement.[1]

---

[1] The Bynum Order [128] sets out the definition of the class as follows:
The Over-Detention Injunctive Relief Class is defined as:

(a) Each person who has been, is or will be incarcerated in any District of Columbia Department of Corrections facility beginning in the three years preceding the filing of this action on or about May 16, 2002 up to and until the date this case is terminated; and (b) who was not released, or, in the future will not be released by midnight on the date on which the person is entitled to be released by court order or the date on which the basis for his or her detention has

## DISCUSSION

In addressing a Rule 12(b)(6) motion, the Court must construe the allegations and facts in the complaint in the light most favorable to the plaintiff and must grant the plaintiff the benefit of all inferences that can be made from the facts alleged. Conley v. Gibson, 355 U.S. 41, 45-46, (1957); Kowal v. MCI Commc'ns Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994). The court may only consider the facts alleged in the complaint, documents attached or incorporated by reference into the complaint, or matters about which the court may take judicial notice. EEOC v. Xavier Parochial Sch. St. Francis, 117 F.3d 621, 624-25 (D.C. Cir. 1997). However, the Court need not accept asserted inferences or conclusory allegations that are unsupported by the facts set forth in the complaint. Kowal, 16 F.3d at 1276. The Court will dismiss a claim pursuant to Rule 12(b)(6) only if the defendant can demonstrate "beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

The Bynum settlement agreement's release provision states:

> The parties agree that the monetary relief shall compensate for all alleged violations of rights and all claims and any other incidents of incarceration by the plaintiff class members that were or could have been brought in this civil action under any theory of liability for any claims related to allegedly unlawful over-detentions and strip searches, except as to monetary damages for those class members who choose to opt out.

Bynum v. Gov't of District of Columbia, 384 F. Supp. 2d at 350. The Court's Order preliminarily approving the Bynum settlement provides, in pertinent part:

---

otherwise expired.

The Over-Detention Monetary Relief Class is defined as above except that it terminates on August 31, 2005.

3

>31. Pending final approval of the Settlement Agreement, no Class Member shall, either directly, representatively, or in any other capacity, commence, prosecute against any Defendant or participate in any action or proceeding in any court or tribunal asserting any of the matters, claims, or causes of action that are to be released by the Settlement Agreement upon final approval.
>
>32. In the event of final approval of the Settlement Agreement, all Class Members shall be forever enjoined and barred from asserting any of the matters, claims or causes of action released by the Settlement Agreement, and all such Class Members shall be deemed to have forever released any and all such matters, claims and causes of action as provided for in the Settlement Agreement.

Id. at 348.

The Holloway plaintiffs argue that applying the objective standard of contract law to the language of the Bynum settlement agreement's release provision establishes that their over-detention claims were not released. (Pls.' Opp'n 27-30.) The District of Columbia Court of Appeals has established that "the written language of a contract governs the parties' rights unless it is not susceptible of clear meaning." Patterson v. District of Columbia, 795 A.2d 681, 683 (D.C. 2000) (citing Adler v. Abramson, 728 A.2d 86, 88 (D.C. 1999)).  In deciding "whether the contract language is susceptible of clear meaning, we look to the contract language itself, and ask ourselves generally 'what a reasonable person in the position of the parties would have thought the disputed language meant.'"  Id.

Here, the applicable terms of the Bynum agreement's release provision are unambiguous. No reasonable person could conceivably dispute the meaning of the language releasing "all claims and any other incident of incarceration . . . that were or could have been brought . . . under any theory of liability for any claims related to allegedly unlawful over-detentions." Therefore, the plain language of the contract governs.

Plaintiffs also argue that their claims are distinguishable from the <u>Bynum</u> class claims because "[t]he Bynum claim complains that the duration of a person's confinement in the Department of Corrections facility was too long because it was in excess of the court ordered release date," (Pls.' Opp'n 4.), while "[t]he Holloway claim, complains of the location of a person's confinement, because the confinement was served in the jail or CTF, instead of in a halfway house." (<u>Id</u>.)  The Court disagrees.  Though the <u>Holloway</u> plaintiffs may present a differently-worded theory of liability, using terms such as "Placement Date" rather than "Release Date," and "jail or CTF" rather than "Department of Corrections Facility," their claims nevertheless concern over-detention.  The <u>Bynum</u> agreement's unambiguously releases "<u>all</u> claims and <u>any</u> other incidents of incarceration . . . that were or could have been brought in this civil action under <u>any</u> theory of liability for <u>any</u> claims related to allegedly unlawful over-detentions . . . ." (emphasis added).  There is no question that the <u>Holloway</u> plaintiffs' claims concern incidents of incarceration related to over-detention at the jail or CTF, and that they could have been raised in <u>Bynum</u>.  The Court concludes that the claims in the <u>Holloway</u> plaintiffs' corrected second amended complaint fall within the release provision of the <u>Bynum</u> settlement agreement, and are thus barred by this Court's approval of the <u>Bynum</u> settlement.

## **CONCLUSION**

For the reasons set forth above, defendant's motion [10] to dismiss shall be granted.

A separate Order shall issue this date.


Signed by Royce C. Lamberth, United States District Judge, January 30, 2006.